UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| BANKERS INSURANCE COMPANY,<br>              PLAINTIFF | CIVIL ACTION NO. 2:20-cv-03417 |
| v. | JUDGE: LANCE M. AFRICK |
| EARNEST WILLIAMS, ANNIE WILLIAMS<br>MARK TRAVIES, NORA NORTON,<br>NARIAN JACKSON, EARNEST WILLIAMS, JR.,<br>And DIAGNOSTIC AND INTERVENTIONAL<br>SPINAL CARE OF LOUISIANA,<br>              DEFENDANTS | MAGISTRATE JUDGE:<br>DONNA PHILLIPS CURRAULT |

_____

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DIAGNOSTIC AND INTERVENTIONAL SPINCAL CARE OF LOUISIANA, INC, AND DR. KHADER SAMER SHAMIEH

MAY IT PLEASE THE COURT:

Diagnostic Interventional Spinal Care of Louisiana, Inc., and Dr. Khader Samer Shamieh ("Defendants") submit this Memorandum in Support of their Motion to Dismiss the instant Complaint for Declaratory Judgment submitted under Rule 12(b)(1), 12(b)(6), and alternatively 12(c) due to the ongoing, parallel state proceedings which are currently pending (in two different jurisdictions) regarding the same facts and legal issues involved.

This court must exercise the discretion granted to it as confirmed and discussed by the Supreme Court in *Wilton v. Seven Falls Co.*[1] and *Brillhart v. Excess Ins. Co. of America,*[2] to abstain from proceeding with a declaratory judgment suit where another suit is pending in state court, presenting the same issues, and between the same parties.  The allegations and facts involved

_____

[1] *Wilton v. Seven Falls Co.*, 515 U. S. 277, 281-282, 288, 115 S.Ct. 2137, 2140, 2143, 132 L.Ed.2d 214, 219-220, 224 (1995).
[2] *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-495, 62 S.Ct. 1173, 1175-1176, 86 L.Ed. 1620, 1625 (1942)

herein are already pending in state court, two state courts in fact, involving state legal issues and Louisiana parties.  The request for relief contained in the Complaint for Declaratory Judgment should be reserved for the state court proceedings where these parties and issues are already proceeding as discussed further below.

## **RELEVANT PROCEDURAL BACKGROUND**

Earnest Williams, Annie Williams, Mark Travies, Nora Norton, Narian Jackson and, Earnest Williams, Jr., ("the Williams") are Plaintiffs in multiple pending suits and claims regarding alleged negligence surrounding the death of Earnest Williams.  There is a suit pending in Orleans Parish, Civil District Court Docket No. 20-1796,[3] brought by the Williams, which through the original pleading and amendments have named as defendants United Medical Healthcare, Inc., DISC of Louisiana Holdings, LLC, Diagnostic and Interventional Spinal Care of Louisiana, Inc., Khader Samer Shamieh, and Bankers' Insurance Company.  Currently, there are Exceptions of Lis Pendens, Improper Venue, Improper Joinder, and a Motion to Transfer on the basis of *forum non conveniens*[4] pending before the court seeking a transfer of the case to Tangipahoa Parish.

In the CDC suit, the Williams allege negligence against Defendants related to creating and implementing administrative policies for communication, which they allege and contend fall under general negligence state law standards and not to any treatment or medical malpractice/professional services.[5]  Of significance, the Williams have named DISC of Louisiana Holdings, LLC in these proceedings, despite being put on notice of the fact that this entity is a real estate holding company that leases the building but does not render any professional services,

---

[3] See Exhibits 1 (Petition for Damages), 2 (Amended Petition for Damages), & 3 (Second Amended Petition for Damages).
[4] See Exhibit 4.
[5] See Exhibit 2, paragraph 8 and 8a.

2

medical treatment, or care related to these claims.  While Defendants do not believe any negligence has occurred and plans to defend these matters, if proven *as alleged* by the Williams in the state court proceeding, it could implicate the coverage provided Bankers' Insurance at issue in this Declaratory Judgment action.

The Williams amended the CDC Suit on December 21, 2020, adding Bankers Insurance and alleging that Bankers provided insurance coverage to Diagnostic Interventional Spinal Care of Louisiana, Inc., for the allegations contained in the lawsuit.

The Williams also have a suit pending in Tangipahoa Parish, 21st JDC Docket No. 20-1288, arising out of the same transaction and occurrence naming United Medical Healthcare Inc., DISC of Louisiana Holdings, LLC, and Diagnostic and Interventional Spinal Care of Louisiana, Inc.[6] This suit has been answered by the defendants[7] named and discovery and motion practice has proceeded.

There is also a medical malpractice claim pending with the Louisiana Patient's Compensation Fund against Dr. Luis Franco and Dr. Jeremy James involving the medical treatment rendered to Mr. Earnest Williams (D).

The issues surrounding the negligence alleged by the Williams are pending in multiple jurisdictions in state court with unique factually and procedural issues in dispute.  One such issue is the nature and classification of the negligence alleged against the parties, including Diagnostic and Interventional Spinal Care of Louisiana, Inc.  Any decision regarding coverage of the underlying insurance policy should be decided in state court where all of the other issues and allegations are under consideration.

---

[6] See Exhibits 5 & 6 Petition for Damages and Amended Petition for Damages.
[7] See Exhibit 8, Answer of Diagnostic and Interventional Spinal Care of Louisiana, Inc. and Exhibit 9, Answer of United Medical Healthcare Inc.

3323861 v1

## LAW AND ARGUMENT

Bankers Insurance Company filed this Complaint for Declaratory Judgment related to their denial of coverage under the Business Liability Insurance policy issued to Diagnostic and Interventional Spinal Care of Louisiana, Inc., under the Declaratory Judgment Act, 28 U.S.C. § 2201.[8]  They claim that that there is no coverage afforded based upon the allegations of the Williams from the Petitions for Damages against the insured entity.

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." The permissive "may" in Section 2201(a) gives the district court broader discretion to decline to hear a declaratory judgment action than it has in other kinds of actions, but it is not unfettered.[9]  It is well settled in the Fifth Circuit that district courts have discretion over whether to decide to or dismiss a declaratory judgment action.[10]  To determine whether to decide or to dismiss a federal declaratory judgment action, a district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action.[11]  These are known as the *Orix* factors from Fifth Circuit decision in *Orix Credit Alliance, Inc. v. Wolfe*.[12]

---

[8] Rec.Doc. No. 1.
[9] *Am. Bankers Life Assurance Co. of Fl. v. Overton*, 128 F. App'x 399, 401 (5th Cir. 2005).
[10] *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).
[11] *Am. Bankers*, 128 F. App'x at 401.
[12] 212 F.3d 891, 895 (5th Cir.2000).

4

## I.      FIRST *ORIX* FACTOR

As to the first *Orix* factor, it has been interpreted as requiring a finding that there exists an actual controversy between the parties.[13]  Obviously in this case, there is an ongoing actual controversy as shown by the numerous ongoing state court proceedings involving these parties and alleged negligence against the insured entity.  However, an examination of the second and third factors show that this case requires abstention from this court allowing the state court actions to decide the ongoing issues as more fully described in sections II and III.

## II.      SECOND *ORIX* FACTOR

The second *Orix* factor the district court must resolve is whether it has the "authority" to grant declaratory relief in the case presented.  The jurisprudence has recognized similar situations to this case in which mandatory abstention applies prohibiting authority to grant such requested declaratory relief.[14]  This mandatory abstention applies when three factors are met:

> (1) the declaratory defendant previously filed a cause of action in state court;
>
> (2) the state case involved the same issues as those in the federal court; and
>
> (3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act, 28 U.S.C. § 2283.[15]

This analysis is essentially a determination of whether there are competing state and federal proceedings, and whether the district court is prohibited from intruding in the state action under the Anti–Injunction Act.[16]  If an injunction would be barred by § 2283, this should also bar the

---

[13] *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 27–28 (5th Cir.1989).

[14] *Aggreko, LLC v. Am. Home Assur. Co.*, No. CIV.A. 14-1215, 2014 WL 6901376, at *3 (E.D. La. Dec. 5, 2014)

[15] *Nat'l Cas. Co. v. Tom's Welding, Inc.*, No. 11–3101, 2012 WL 2064451 (E.D. La. June 7, 2012).

[16] *Allstate Texas Lloyds v. Sawyer*, No. 07–0360, 2007 WL 2471057 (N.D.Tex. Aug. 31, 2007);

issuance of a declaratory judgment that would have the same effect as enjoining a state court action.[17]

Obviously, the first element is met as there is a state court action pending filed by one of the declaratory defendants naming Bankers' Insurance.[18]  The second element is likewise satisfied as the state court case will involve the same issue that has been put forth in federal court, i.e. whether Bankers insurance policy covers the acts of negligence as alleged by the Williams.[19] Bankers request for a judgment declaring that its business liability coverage policy does not cover the acts alleged against Diagnostic and Interventional Spinal Care of Louisiana, Inc., and its employees, will turn on Louisiana state insurance law and factual determinations that will be made in the pending state court suits.  Seeking this relief from federal court, Bankers is complicating the pending state court issues and proceedings even further.  All of the issues pending need to be addressed together in ongoing state court proceedings.

---

[17] *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 3 F.3d 877, 883 (5th Cir.1993).

[18] Bankers was added to the state court suit pending in CDC after the Declaratory Judgment action was filed, but Bankers had been put on notice of the claim against its insured and participated in a related deposition on December 8, 2020, prior to the filing of the Declaratory Judgment Action. See Exhibit 7, excerpt of Deposition of Leslie Roberson.  For the Anti–Injunction Act to apply, the corresponding state court proceeding naming the insurer need not necessarily precede the federal court action to be satisfied.  *See Nat'l Cas. Co. v. DeQueen, Inc.*, No. CIV.A. 13-5611, 2013 WL 6004055, at *3 (E.D. La. Nov. 13, 2013) ("the Act applies regardless of when the federal and state suits were filed.")

[19] While the issues in state court are obviously broader than the narrow issue brought by Bankers, The Eastern District of Louisiana has recognized in similar circumstances that

> [e]ven if the state court suit involves broader issues, it is likely that these same issues would arise in the federal court action for declaratory judgment as defenses to the action, making our hearing of the issues duplicative. Thus, despite Insurers narrowing of the issue, the Court finds that the state and federal court proceedings arise from the same incident and involve essentially the same claims.

*Id.*

The Fifth Circuit has ruled that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act.[20]  Here, where Congress has not expressly authorized the granting of an injunction, the case brought before this Court by Bankers is procedurally the same as that in the Eastern District case *Nat'l Cas. Co. v. Dequeen, Inc.*[21]  In the *Dequeen case,* the decided that even though the state court filing was after the insurers filed in federal court, the Court's analysis must consider the current posture of the proceedings. The court determined that **because there was a pending state court action**, the Anti-Injunction Act applied to this suit.[22]

Therefore, just as in the *Dequeen* case, the Anti-Injunction Act applies to Bankers' suit, and this Court should likewise abstain from exercising discretion and dismiss Bankers' Declaratory Judgment request.  Based on the analysis above, the second *Orix* factor is not met and requires dismissal of the declaratory action.

## III.     THIRD *ORIX* FACTOR, *WILTON/BRILLHART, AND TREJO* FACTORS

The third and final *Orix* factor is an analysis of whether to exercise the discretion to dismiss or decide a declaratory judgment action.[23]  The most applicable analysis and statement on this factor is from the U.S. Supreme Court.  In *Wilton v. Seven Falls*, the Court analyzed a nearly identical case involving an insurer "anticipating a coercive suit, [seeking] a declaration in federal court of nonliability on an insurance policy."  In *Wilton* the court comments on its previous decision in *Brillhart v. Excess Ins. CO. of America,* another factually similar case, stating:

In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct.

---

[20] *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988).
[21] 2013 WL 6004055 (E.D. La. Nov. 13, 2013).
[22] *Id*. at *3.
[23] *Id*. at *2.

1173, 86 L.Ed. 1620 (1942), this Court addressed circumstances virtually identical to those present in the case before us today. An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy. The District Court dismissed the action in favor of pending state garnishment proceedings, to which the insurer had been added as a defendant. The Court of Appeals reversed, finding an abuse of discretion, and ordered the District Court to proceed to the merits. Reversing the Court of Appeals and remanding to the District Court, this Court held that, "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." Id., at 494, 62 S.Ct., at 1175. The Court explained that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id., at 495, 62 S.Ct., at 1175–1176. The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."[24]

The court specifically laid out the situation we have here—a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.  This standard requires district courts to consider whether the claims of the parties can be adjudicated satisfactorily in any pending state court proceedings.  This is unquestionably a situation that can be satisfactorily and better adjudicated in the pending state court proceedings.  As recognized in the *Brillhart* case, a federal declaratory judgment action risks interference with the "orderly and comprehensive" disposition of state court litigation.[25]   A judgment on coverage from this court would have *res judicata* effect on the underlying pending state court proceedings and preclude an adequate resolution of all of the issues pending before the courts.

---

[24] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 2140, 132 L. Ed. 2d 214 (1995).
[25] *Brillhart* at 495, 62 S.Ct. at 1176, 86 L.Ed. at 1625.

While Defendants herein argue that this matter can be dismissed purely under the U.S. Supreme Court's analysis from *Wilton*, prior to this decision, the Fifth Circuit used and continues to utilize a seven-factor analysis in the *St. Paul Ins. Co. v. Trejo*[26] case to adequately address the third *Orix* factor.

The seven *Trejo* factors include:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
3) whether the plaintiff engaged in forum shopping in bringing the suit,
4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
5) whether the federal court is a convenient forum for the parties and witnesses, ...
6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," and ...
7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[27]

The Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit.  In *Sherwin-Williams Co. v. Holmes Cty.*, the court recognized that the *Trejo* test seeks to address three aspects: 1) "proper allocation of decision making between state and federal court;" 2) Fairness; 3) Efficiency.[28]  An analysis of these concepts clearly inures towards abstention and dismissal of this action.

The first *Trejo* Factor of whether there is a pending state action in which all the matters in controversy may be fully litigated is clearly satisfied in this case.  Courts have often viewed the

---

[26] 39 F.3d 585, 590–91 (5th Cir.1994).
[27] *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 164 (5th Cir. 2015)
[28] 343 F.3d 383, 391 (5th Cir. 2003).

first and seventh *Trejo* factor together where they "apply in a similar manner when the Court is not being called on to construe a state judicial decree involving the same parties."   There is a suit currently pending in Orleans Parish in which Bankers and all of the Defendants to this action are parties.  Further, the issues pending in the Orleans Parish suit stem from incidents involving state-based causes of action and remedies. Finally, there is no state judicial decree involved in this action.

The second and third factor weigh in favor of dismissal as Bankers filed this lawsuit while a state court action was already pending against its insured and was filed in anticipation of being joined in the underlying suits after being put on notice of the claims by its Insured.  As previously mentioned, prior to bringing this action, counsel for Bankers participated in a deposition on behalf of Bankers after being put on notice of the claim.[29]  There is no question that they were aware of the ongoing state court proceedings, but instead chose to file in federal court rather than as an intervenor to the pending actions.

The fourth factor also weighs in favor of dismissal as inequity is certainly possible, because a decision by this Court on the issue of coverage would apply and have force and effect on the pending state court actions, upon which discovery, fact finding, and the resolution of legal issues is underway.

The fifth and sixth Trejo Factors pertaining to convenience and judicial economy weigh further in favor of the abstention argued for herein.  There is no argument or premise to suggest that federal court is more convenient to the parties than the pending state court proceedings.  As to judicial economy, Bankers is creating yet another jurisdiction in which this matter is pending further complicating the issues and increasing the costs involved.  By filing this action in federal

---

[29] See Exhibit 7, Excerpt of Deposition of Hope Roberson, pg. 3.

court, Bankers is essentially duplicating part of the state court proceeding and the issues for findings of fact related to the nature of the underlying allegations.   It is hard to imagine or argue how judicial economy would be served by this Court exercising its jurisdiction here over that of the pending state court proceedings.

## CONCLUSION

In sum, United States Fifth Circuit jurisprudence provides that declaratory judgments are not devised to resolve issues of state laws that are already pending in a state tribunal.[30] Furthermore, the Fifth Circuit in *Sherwin-Williams Co. v. Holmes County* has found that federal courts ***should abstain*** from exercising their decision-making power where the issues, claims, and parties before its jurisdiction are contemporaneously pending in state court in which only matters of state law are raised.[31]   That is precisely the case here.  This court should abstain from the request to intervene in ongoing state suits where the issue of liability coverage is already a pending issue that arises from state-based insurance law and the allegations contained in the Petitions and Amended Petitions for Damages at issue.  It is essential that these issues are properly litigated in the pending state court suits.  It would be prejudicial to have the insured entity who is subject to allegations brought by the Williams that upon determination may be classified by a fact finder as general negligence outside of the scope of professional services (as claimed) and have its insurer obtain a judgment from a separate jurisdiction and forum on the exact same issue and allegations.

For all the reasons as cited and discussed above, Defendants respectfully request that this court abstain from exercising its jurisdiction in this matter and dismiss the Declaratory Judgment Action filed by Bankers.

---

[30] *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173 (1942); *Magnolia Mar. Transp. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992).
[31] *See Sherwin-Williams Co.*, 343 F.3d at 390

Respectfully submitted:
**Blue Williams, LLP**

/s/ *Bert J. Miller*

GUICE A. GIAMBRONE ("T.A."), Bar No.
**BERT J. MILLER, Bar No. 32593**
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Telephone: (504) 830-4992;
Facsimile:  (504) 849-3041;
E-mail:     ggiambrone@bluewilliams.com
            bmiller@bluewilliams.com
*Attorneys for Diagnostic and Interventional Spinal Care of*
*Louisiana, Inc. and Dr. Khader Shamieh*

## CERTIFICATE OF SERVICE

I, Bert Miller, certify that on February 16, 2021 a copy of this filing was served contemporaneously on all attorneys of record via the court's CM/ECF system.

3323861 v1