UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BANKERS INSURANCE COMPANY,** | * | |
| **PLAINTIFF** | | **NO. 2:20-cv-03417** |
| | * | |
| **VERSUS** | | |
| | * | **JUDGE: AFRICK** |
| **EARNEST WILLAMS, ANNIE WILLIAMS,** | | |
| **MARK TRAVIES, NORA NORTON,** | * | |
| **NARIAN JACKSON, EARNEST WILLIAMS, JR.,** | | |
| **And DIAGNOSTIC AND INTERVENTIONAL** | * | |
| **SPINAL CARE OF LOUISIANA,** | | |
| **DEFENDANTS** | * | **MAG: CURRAULT** |

-----------------------------------------------------------------------------------------------------

**WILLIAMS DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

MAY IT PLEASE THE COURT:

  Defendants, Earnest Williams, Annie Williams, Mark Travies, Nora Norton, Narian Jackson and, Earnest Williams, Jr., ("the Williams") respectfully submit this Memorandum in Support of their Motion to Dismiss on grounds that this Court should abstain from exercising its jurisdiction and to dismiss this case pursuant to Rule 12(b)(1) and/or Rule 12 (b)(6) according to its discretion to grant or deny actions for declaratory judgement when there are parallel state proceedings, and the plaintiff has pleaded only declaratory relief. *See Wilton v. Seven Falls Co.*, 515 U. S. 277, 281-282, 288, 115 S.Ct. 2137, 2140, 2143, 132 L.Ed.2d 214, 219-220, 224 (1995); *See also Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-495, 62 S.Ct. 1173, 1175-1176, 86 L.Ed. 1620, 1625 (1942) (federal declaratory action uneconomical and vexatious when state case pending).

## PROCEDURAL BACKGROUND

On January 20, 2020, Declaratory Defendants, "the Williams," filed a Medical Review Panel Complaint alleging medical malpractice with the Louisiana Division of Administration, naming as defendants Jeremy James, MD, Disc of Louisiana Holdings, LLC d/b/a DISC of Louisiana, United Medical Healthcare, Inc. d/b/a United Medical Rehabilitation Hospital, and Luis Franco, MD. **Exhibit 1**. On May 28, 2020, the Williams filed an amended Medical Review Panel Complaint with the Division of Administration, naming as Defendants Khader Samer Shamieh d/b/a DISC of Louisiana and Louisiana and Diagnostic and Interventional Spinal Care of Louisiana, Inc.[1] **Exhibit 2**. After receiving correspondence from the applicable State agencies after processing of the Williams' Medical Review Panel Complaints, the Williams proceeded to file lawsuits in state court.

On February 21, 2020 the Williams filed a petition for damages against non-qualified defendants, United Medical Healthcare, Inc., d/b/a United Medical Rehabilitation Hospital ("United") and DISC of Louisiana Holdings, LLC d/b/a DISC of Louisiana, Inc., ("DISC Holdings") in Civil District Court ("CDC"). **Exhibit 3**. On May 28, 2020, Plaintiffs filed an amended petition to add defendants Diagnostic and Interventional Spinal Care of Louisiana, Inc., ("DISC") and Khader Samer Shamieh, d/b/a DISC of Louisiana, where Plaintiffs allege facts implicating both general negligence and medical malpractice. As to general negligence state law claims, the following amendment to Paragraph VIII of the original petition for damages provides:

> Complainants allege that defendants DISC and/or KHADER SAMER SHAMIEH d/b/a DISC OF LOUISIANA and/or DIAGNOSTIC AND INTERVENTIONAL SPINAL CARE OF LOUISIANA, INC. were negligent in failing to create and/or implement an administrative policy setting forth procedures

---

[1] After the conclusion of the Medical Review Panel Process, Plaintiffs will be adding the "qualified healthcare provider" defendants to their Petition for Damages in Civil District Court.

> ensuring that communications from patients and/or patient family members are properly communicated to treating provider(s) for purposes of obtaining proper/timely care and treatment. These claims are not subject to the limitations of liability set forth in the Louisiana Medical Malpractice Act, nor are they subject to the procedural pre-requisite of a Medical Review Panel Proceeding.

**Exhibit 4.**

Approximately two weeks prior to the Amended Petition for Damages in CDC, on May 15, 2020, Plaintiffs filed an identical petition against defendants United and DISC in the 21st Judicial District Court ("21st JDC"). **Exhibit 5**. On June 3, 2020, Plaintiffs amended the 21st JDC petition for damages to include defendant DISC where, among other additions and amendments, Plaintiffs incorporated a near-identical amendment to Paragraph VIII which provides as follows:

> Complainants allege that defendants DISC, and/or DIAGNOSTIC AND INTERVENTIONAL SPINAL CARE OF LOUISIANA, INC. were negligent in failing to implement an administrative policy setting forth procedures ensuring that communications from patients and/or family members of the patient regarding complications are properly communicated to the treating provider(s) for purposes of obtaining the proper care and treatment. These claims are not subject to the limitations of liability provided by the Louisiana Medical Malpractice Act, nor are they subject to the procedural pre-requisite of a Medical Review Panel Proceeding.

**Exhibit 6**.

On June 8, 2020, defendant United appeared before the 21st Judicial District Court in an answer to Plaintiffs' petition. **Exhibit 7**. On June 23, 2020, defendant United responded to Plaintiffs' first amended petition for damages. **Exhibit 8**. On July 7, 2020, DISC and DISC Holdings answered Plaintiffs' original and amended petition before the 21st JDC. **Exhibit 9**. On August 3, 2020, defendant DISC Holdings, alone, filed an exception of no right of action, and in the alternative, motion for summary judgment. **Exhibit 10**. On October 26, 2020, Plaintiffs filed both a memorandum in opposition to DISC Holdings' exception of no right of action and, in the

alternative, motion for summary judgment, as well as an accompanying statement of contested facts. **Exhibit 11**. A significant aspect of the underlying dispute between these parties is whether Defendants DISC, DISC Holdings, and Khader Samer Shamieh are operating a single business enterprise pursuant to Louisiana Law, and whether their conduct giving rise to Plaintiffs' damages constitutes general negligence or "medical malpractice." The exception and alternative motion for summary judgment was heard and was denied by the Honorable Judge Brenda Bedsole Ricks of the 21st JDC on December 2, 2020. **Exhibit 12**. On December 2, 2020, in CDC, Plaintiffs filed a motion to require United to answer the Williams' petitions after they had filed for an indefinite extension to do so. **Exhibit 13**. On December 8, 2020, a deposition in the underlying Medical Review Panel proceeding, a discovery docket for which has been filed in the 22nd Judicial District Court for the Parish of St. Tammany by Defendants, was conducted. **Exhibit 14**. Declaratory Plaintiff Bankers participated in this deposition. **Exhibit 14,** p. 3 (David Bordelon representing "Bankers Insurance"). On December 14, 2020, defendants DISC Holdings and DISC filed in CDC a declinatory exception of lis pendens, exception of improper venue and improper joinder, and alternative motion for transfer of venue on the basis of *forum non-conveniens*. **Exhibit 15**. On December 17, 2020, Declaratory Plaintiff Bankers Insurance, Inc., ("Bankers") filed the present Declaratory Judgment action naming the Williams and DISC as Declaratory Defendants. **(Rec. Doc. No. 1)**. On December 21, 2020, Plaintiffs amended their petition for damages in Civil District Court, naming Bankers Insurance Company as a party defendant. **Exhibit 16**.

## SALIENT FACTS

This is a state court matter. Plaintiff is an insurance company that seeks to avoid liability and coverage in a pending state court action brought by the Williams against the Plaintiff's insureds, Diagnostic and Interventional Spinal Care of Louisiana, Inc and Khader Samer Shamieh.

The factual and legal issues all turn on Louisiana law. The state case is an action involving Louisiana citizens and business entities. Plaintiff here happens to be a foreign insurer. The Williams have named the Plaintiff, its insureds, and others in the parallel state court proceedings.

## LAW AND ARGUMENT

**I.   The Exercise of Jurisdiction by the Court Over the Declaratory Judgment Action is Discretionary and in This matter, the Court Should Decline to Exercise Jurisdiction**

The Declaratory Judgment Act (the "Act") provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (alteration of original). The use of the word "may" in section 2201 gives the court considerable discretion "in deciding whether to declare the rights of the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "In the declaratory judgment act context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 289.

The district court's decision as to whether to exercise jurisdiction is governed by *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) and its Fifth Circuit progeny. In that case, the Court explained that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Id*. at 495.

When considering whether to entertain a declaratory judgment action upon a timely filed Motion to Dismiss inciting the abstention doctrine, the court considers the three-step inquiry set out in *Orix* – namely, (1) Justiciability; (2) Authority; and (3) Discretion. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, (5th Cir. 2000). Within each of these three steps, the courts have created additional factors to help guide their consideration. *Orix* inquiry one, "Justiciability," is

not at issue here as there is a justiciable dispute between these parties.  *Orix* inquiry two, i.e., "authority," includes three underlying elements for a court to consider before finding that it must abstain from hearing a declaratory judgment action.  Those three considerations are: (1) a filed state court action; (2) that state court action involves the same issues as those in the federal action; and (3) does the Anti-Injunction Act prohibit the federal court from enjoining the state court proceedings.  *Nat'l Cas. Co. v. Tom's Welding, Inc.*, No. 11-3101, 2012 U.S. Dist. LEXIS 78961, *13, 2012 WL 2064451, *5 (E.D. La. June 6, 2012) (Africk, J.).  And finally, as to the third *Orix* inquiry, "discretion," courts have identified seven non-exhaustive factors to consider in deciding whether to abstain from adjudicating a declaratory judgment action.  Those seven factors - the "*Trejo* Factors" - are: 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; 2) whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the declaratory defendant; 3) whether the declaratory plaintiff engaged in forum shopping in bringing the suit; 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; 5) whether the federal court is a convenient forum for the parties and witnesses; 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.  *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590–91 (5th Cir.1994).  Defendants Williams' memorandum in support of its Motion to Dismiss will address each step in order below.

Bankers Insurance Company ("Bankers") filed its Complaint for Declaratory Judgment denying coverage under its insurance policy pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (Rec.Doc. No. 1).  When considering a declaratory judgment action, a district court must

engage in a three-step inquiry.  *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, (5th Cir. 2000).  First, the court must determine whether the declaratory action is justiciable.  Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action.  *See Id.* at 895 (*citing Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 27–28 (5th Cir.1989)).  Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented.  *Id.* (*citing Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 776 (5th Cir.1993)) ("Prior to determining whether the district court abused its discretion by failing to review the merits of this case, this Court must first determine whether the district court had authority to grant a declaratory judgment here.").  Third, the court must determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.  *Id.* (*citing Travelers Ins. Co.*, 996 F.2d at 778) (recognizing a district court's vast discretion in the declaratory judgment context).  It is respectfully submitted that for the reasons set forth below, Banker's declaratory judgment action should be dismissed and\or this Court should abstain from exercising its jurisdiction.

### A. *Orix* Factor Two Strongly Weighs in Favor of This Court Exercising its Discretion to Abstain from Hearing this Case

The Williams respectfully submit that the first *Orix* Factor, (1) "justiciability", is a foregone conclusion.  It is undisputed that the parties have ongoing state court cases that are presently proceeding in Civil District Court for the Parish of Orleans and also in the 21st JDC for the Parish of Tangipahoa.[2]  **Exhibits 3, 4, 5 & 6**.  But the other two *Orix* Factors, (2) "authority" and (3) "discretion", cannot be satisfied thereby requiring abstention and dismissal of this declaratory judgment action.

---

[2] Plaintiffs intend to abandon the Tangipahoa Parish proceeding after all venue disputes have ended, with all parties properly before the Orleans Parish District Court.

To determine whether a district court has the authority to grant declaratory relief in accordance with *Orix* Step 2, there are three (3) requirements that must be examined. *Aggreko, LLC v. Am. Home Assur. Co.*, No. 14-1215, 2014 U.S. Dist. LEXIS 168656, *7, 2014 WL 6901376, *3 (E.D. La. Dec. 5, 2014) (Barbier, J.); *Nat'l Cas. Co. v. Tom's Welding, Inc.*, No. 11-3101, 2012 U.S. Dist. LEXIS 78961, *13, 2012 WL 2064451, *5 (E.D. La. June 6, 2012) (Africk, J.). The three requirements consist of and "...thus mandatory abstention applies-when: (1) the declaratory defendant *previously filed* a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act, 28 U.S.C. § 2283]." *Aggreko*, 2014 WL 6901376, at * 3. A district court lacks authority to grant declaratory relief and thus mandatory abstention applies when all three requirements are met. *Id.*

It is uncontroverted that a state court action is already pending. **Exhibits 3, 4, 5 & 6.** The allegations and issues relative to coverage were pled long before this declaratory judgment action was filed. **Exhibit 3, 4, 5 & 6.** Though Bankers Insurance Company was not added to the state court proceedings until after the declaratory judgement action was filed, the factual allegations against its insureds were made known previously, which is what ultimately led Bankers to file its declaratory judgment action. Indeed, they participated in at least one deposition prior to filing of the present declaratory judgment action. **Exhibit 14,** p. 3 (12/08/20 Deposition attended by David Bordelon – Representing "Bankers Insurance"). That notwithstanding, jurisprudence from the Eastern District of Louisiana, as well as the United States Fifth Circuit Court of Appeals, provides that timing of the filing of suit (*i.e., previously filed*) is not entirely dispositive to this query, and therefore the corresponding state court proceeding need not precede the federal court filing for this prong to be met. *See Nat'l Cas. Co. v. Dequeen, Inc.*, No.13-5611, 13-5851, 2013 U.S. Dist. LEXIS

161816, *7, 2013 WL 6004055, *3 (E.D. La. Nov. 13, 2013) (Barbier, J.); *See also Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 884 – 885 (5th Cir. 1993) (Considering a circuit split and stating "We subscribe to what we think is the better view—that the Act applies regardless of when the federal and state suits were filed.").

The law is likewise clear that declaratory judgment is not available to resolve state law issues already pending before a state court. *Brillhart v. Excess Ins.*, 316 U.S. 491, 495 (1942); *Magnolia Mar. Transp. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992). Bankers seeks for this Court to issue a declaration that the injury suffered by the Williams in the underlying state suit is not covered by Bankers' Liability Coverage insurance policy. **(Rec.Doc. No. 1).** Whether the Bankers' Business Liability Coverage policy at issue in this suit obligates Bankers to provide indemnity or defense to any part of the allegations in the underlying state suit is a question that requires a factual and legal determination that will be made in the underlying state court lawsuit. Stated another way, the declaration that Bankers seeks involves state insurance law, with state defendants, and state plaintiffs that will be predicated upon factual determinations in the underlying state court proceedings. Simply put, an ancillary Federal Declaratory Judgment proceeding is simply inappropriate given that this will create yet another ongoing piece of litigation involving the parties to the underlying state court proceeding, yet does not encapsulate all of the moving parts of the parallel state proceedings. Rather, it complicates them.[3]

Furthermore, "[t]he Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction--

---

[3] To this end, discovery and motion practice will be duplicative, all depositions will be cross-noticed, objections on precisely the same issues will be considered by multiple Judges, etc.

providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." *Travelers Ins. Co.*, 996 F.2d at 776 (5th Cir. 1993) (citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988) (en banc), cert. denied, 490 U.S. 1035, 109 S. Ct. 1932, 104 L. Ed. 2d 404 (1989)).  In this regard, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 USCS § 2283.  Here, where Congress has not expressly authorized the granting of an injunction, the case before this Court is procedurally identical to the Eastern District's *Nat'l Cas. Co. v. Dequeen, Inc.*, 2013 WL 6004055, *3 (E.D. La. Nov. 13, 2013) (Barbier, J.).  There, Judge Barbier reasoned as follows:

> …even though [Declaratory Defendant] filed in state court after the Insurers [Declaratory Plaintiffs] filed in federal court, the Court must conduct its analysis according to the current posture of the proceedings. Because there is a pending state court action in this matter, the Anti-Injunction Act applies to this suit.

*Id.* at *3.  Therefore, the Anti-Injunction Act applies to the present suit, and this Court should thereby abstain from exercising its discretion beyond dismissal of Complainant's Declaratory Judgment Complaint.

### B. *Orix* Factor Three and the *Brillhart/Wilton* Standards Weigh Heavily in Favor of This Court Exercising its Discretion to Abstain from Hearing this Case

The third *Orix* Factor involves the exercise of the Court's broad discretion.  With respect to the third factor ("discretion"), it is noteworthy to point out that *Orix* is inapposite to the case here.  *Orix* began in federal court, moved to bankruptcy proceedings, involved state court malpractice claims that resulted in a settlement, and finally prompted the declaratory judgment action to enforce the *res judicata* effect of prior proceedings. *Orix*. 212 F.3d at 893-895.  As set forth in the procedural history and the facts, the case here is vastly different.  The third *Orix* factor

of "discretion" simply cannot be met here, which should lead this Court to abstain in exercising its jurisdiction and dismiss this action.

There is substantial case law relative to a court exercising its discretion to hear cases like this one. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.,* 149 F.3d 371 (5th Cir.1998) *(quoting Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)); *compare Black Sea Inv., Ltd. v. United Heritage Corp.,* 204 F.3d 647, 652 (5th Cir.2000) (*citing PPG Indus. Inc. v. Cont'l Oil Co.,* 478 F.2d 674, 679 (5th Cir.1973)) ("When a party seeks *both injunctive and declaratory relief,* the appropriateness of abstention must be assessed according to the doctrine of Colorado River.") (emphasis added). As such, "[i]t is well settled ... that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in [the] public interest." Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 2759; *see also Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 604 (5th Cir.1983). The Supreme Court has held that the Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigations [; therefore,] ... a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial." *Wilton,* 515 U.S. at 288 (alteration of original). Because Bankers is seeking relief solely under the Declaratory Judgment Act and is not seeking injunctive relief, the standard articulated in *Brillhart v. Excess Insurance Company of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) and reaffirmed in *Wilton* is appropriate here. *See also Great American Ins. Co. v. Cumberland Inv. Group, LLC.*, No. 13-4763, 2013 WL 5755641, (E.D. La. October 23, 2013).

The *Brillhart/Wilton* standard instructs courts to consider whether the claims of all parties in interest can satisfactorily be adjudicated in a pending state court proceeding. *Wilton,* 515 U.S. at 283. Prior to the *Wilton* decision, the United States Court of Appeals for the Fifth Circuit, in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590–91 (5th Cir.1994), identified seven non-exhaustive factors for a court to consider in deciding whether to abstain from adjudicating a declaratory judgment action: 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; 3) whether the plaintiff engaged in forum shopping in bringing the suit; 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; 5) whether the federal court is a convenient forum for the parties and witnesses; 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and 7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending – the *Trejo* Factors.[4]

It is respectfully submitted that *Brillhart/Wilton* would indicate that this case should be dismissed. It fits squarely within the parameters of those decisions. As the Supreme Court noted in *Brillhart* a federal declaratory judgment action risks "gratuitous interference with the orderly and comprehensive disposition of . . . state court litigation" and it "should be avoided." *Brillhart* at 495, 62 S.Ct. at 1176, 86 L.Ed. at 1625. This is because the *res judicata* effect of a federal declaratory judgment would preclude the state court from resolving all the issues before it,

---

[4] The first six factors were set forth the preceding year in *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.* 996 F.2d 774, 777 (5th Cir.1993). These seven factors remain at the core of *Brillhart/Wilton* abstention analysis in the Fifth Circuit for declaratory judgment actions. *See Sherwin–Williams v. Holmes County,* 343 F.3d 383, 388–89 (5th Cir.2003).

including the coverage issues, leading to piecemeal litigation in different courts. *Cf. Wilton* at 283, 115 S.Ct. at 2141, 132 L.Ed.2d at 221 (stay of federal action of little moment because state judgment would be *res judicata*) *and see Wilton* at 284, 115 S.Ct. at 2141, 132 L.Ed.2d at 222 (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818-820, 96 S.Ct. 1236, 1246-1248, 47 L.Ed.2d 483 (1976)*,* for policy against piecemeal adjudication of water rights). Unless there is some basis for relief pled other than declaratory judgment, the Supreme Court precedents favor District Court discretion avoiding interference with insurance liability issues properly before state courts.

### i. *Trejo* Factors Examined

The *Trejo* Factors can be divided into three (3) categories to determine whether a district court should exercise jurisdiction over a declaratory judgment action: "(1) Proper allocation of decision-making between state and federal courts; (2) fairness; and (3) judicial efficiency." *Sherwin–Williams v. Holmes County,* 343 F.3d 383, 390-91 (5th Cir.2003). The first *Trejo* Factor, whether there is a pending state action in which all the matters in controversy may be fully litigated, applies in this case. Currently, there is a suit pending before the Civil District Court in which Declaratory Plaintiff and all the Declaratory Defendants, in addition to other interested entities, are privy. Moreover, the matters to be litigated before the Civil District Court stem from a single incident and involve exclusively state-based claims rooted in state law. Pursuant to United States Fifth Circuit Court of Appeals jurisprudence, declaratory judgments are not devised to resolve issues of state laws that are already pending in a state tribunal. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173 (1942); *Magnolia Mar. Transp. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992). Moreover, the progeny of the seminal *Brillhart* case led the Fifth Circuit in *Sherwin-Williams Co. v. Holmes County* to find federal courts should abstain from exercising their decision-

making power where the issues, claims, and parties before its jurisdiction are contemporaneously pending in state court in which only matters of state law are raised. *See Sherwin-Williams Co.*, 343 F.3d at 390. That is precisely the case here.

Declaratory Plaintiff is specifically and exclusively requesting this Court to intervene in an ongoing state suit where the sole issue of liability coverage being presented is not only before the Civil District Court, but it arises from the same state-based issues governed by state insurance law currently being litigated in the same state suit. Simply put, these issues can be fully and properly litigated in the state court suit.

The second, third, and fourth *Trejo* Factors pertain to fairness of deference to a [declaratory] plaintiff's choice of forum when the plaintiff may be unfairly seeking to have certain matters adjudicated in a more favorable forum of its improper choosing. *Id.* at \*11-12; *McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983). Here, fairness weighs in favor of dismissal or abstention because Bankers did file in anticipation of a lawsuit (*Trejo* factor #2), engaged in forum shopping (*Trejo* #3), and inequities are engendered because decision by this Court on the issue of coverage would have a preclusive effect on any state court action (Tr*ejo* #4).

Bankers did in fact file the instant action in anticipation of being joined in one or both of the pending state suits, which pertain to the precise state issues Bankers seeks relief for here. Counsel for Bankers has participated in at least one deposition after their insured placed them on notice of the fact that a motion for summary judgment had been lost in one of the state court proceedings. It is uncontroverted that Bankers was aware of the state court proceedings, their respective venues and the state court judges presiding over the matters prior to filing the instant action. Further, Bankers makes no contention that other potential plaintiffs, similarly situated to the Williams, are like to file suit raising the same issues that Bankers asks this Court to resolve. Given these facts,

the Williams respectfully submit that Bankers is engaged in forum shopping in filing this Declaratory Judgment in the Eastern District, attempting to side-step the pending state court proceedings. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 321 (5th Cir. 2008) (citing *McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983).  S*ee also Int'l Ass'n of Entrepreneurs of Amer. v. Angoff*, 58 F.3d 1266 (8th Cir. 1995) (Declaratory Judgment Act is not to be used to litigate a possible state-court affirmative defense of no coverage in federal court). Declaratory Plaintiff is also aware that the outcome determinative nature of venue plays a substantial role in personal injury suits, and is actively seeking to access a more favorable federal forum through improper and unfair means where the federal forum presides a mere three blocks from the state forum in which all of these matters are currently being litigated.  There is scant alternative explanation as to why Declaratory Plaintiff would seek to have this Declaratory Judgment action litigated in a geographically adjacent court where the legal issue set forth in the Declaratory Judgment action is already properly before the state court within its proximate jurisdiction.

Moreover, the Declaratory Plaintiff is not seeking to resolve "certain issues of federal and state law that would be common to the threatened lawsuits, to avoid the repetitive litigation it would encounter if the state court suits were filed, as anticipated." *Sherwin-Williams Co.*, 343 F. 3d at 400.  Rather, Declaratory Plaintiff is venturing to obtain a more favorable court to decide issues that are most appropriately decided before the Civil District Court where this suit is presently being heard.  Nothing more.  Ultimately, considerations for procedural fairness weigh substantially in favor of the Williams original choice of forum and venue, which is proper and convenient in Civil District Court for the Parish of Orleans.

Finally, the fifth and sixth *Trejo* Factors pertaining to "judicial economy" weigh in favor of abstention. As to the fifth factor (convenience of the forum), the federal forum is no more convenient to the parties than the state court proceedings – both sit in the same Parish. As to the sixth factor (judicial economy), Bankers is essentially requesting this Court to duplicate efforts of the state court in the findings of fact related to the underlying claim(s) upon which Bankers seeks to avoid coverage. Nowhere in its Complaint does Bankers even allege that judicial economy would be served by this Court exercising its jurisdiction here.

## CONCLUSION

For all of these reasons, the Williams respectfully request that this Court abstain from exercising jurisdiction over this matter pursuant to Rule 12(b)(1), or in the alternative, dismiss for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure and dismiss Bankers' Declaratory Judgment action so as to not interfere with the pending state court actions.

Respectfully submitted:

**Capitelli & Wicker**

BY: _/s/ Vincent E. Odom_
T. CAREY WICKER, III (#13450)
VINCENT E. ODOM (#36918)
MICHAEL S. SEPCICH (#24877)
1100 Poydras Street, Suite 2950
New Orleans, LA 70163-2950
Telephone:   (504)582-2425
Facsimile:   (504) 582-2422
Counsel for Earnest Williams, Annie
Williams, Mark Travies, Nora Norton,
Narian Jackson and, Earnest Williams, Jr.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2021, a copy of the above and foregoing pleading has been filed using the CM/ECF electronic filing system which will send notice of this electronic filing to all counsel of record.

                                               /s/ Vincent E. Odom
                                      Vincent E. Odom, La. Bar No. 36918