UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BANKERS INSURANCE COMPANY,** | | |
| **PLAINTIFF** | * | NO. 2:20-CV-03417 |
| **VERSUS** | | |
| | * | JUDGE: AFRICK |
| **EARNEST WILLIAMS, ANNIE WILLIAMS,** | | |
| **MARK TRAVIS, NORA NORTON,** | * | |
| **NARIAN JACKSON, EARNEST WILLIAMS, JR.,** | | |
| **And DIAGNOSTIC AND INTERVENTIONAL** | * | |
| **SPINAL CARE OF LOUISIANA,** | | |
| **DEFENDANTS** | * | MAG: CURRAULT |

FILED:_____     _____
                                   **DEPUTY CLERK**

## OPPOSITION TO MOTION TO DISMISS

MAY IT PLEASE THE COURT:

The instant declaratory judgment action filed by Bankers Insurance Company ("Bankers") only involves the distinct legal issue of insurance coverage, which can be decided quickly and efficiently by this Honorable Court. Defendants, Ernest Williams et al., plaintiffs in these state court action below have moved to dismiss this declaratory judgment action based on grounds of abstention.

The motion still should be denied because, as more fully supported herein, all of the Trejo factors weigh against abstention.

The instant Complaint for Declaratory Relief involves the absence of coverage under the insurance policy ["Policy] Bankers issued to Diagnostic and Interventional Spinal Care of Louisiana, Inc. This policy is attached as Exhibit A to Bankers Complaint. Document no. 1.

Bankers filed the Complaint for Declaratory Judgment, seeking a determination that there is no insurance coverage under the Policy. The Williams plaintiffs below did not add Bankers as a defendant to the state court suit until **after** Bankers filed the subject Complaint. The motion should be denied.

**LAW AND ARGUMENT**

"The Fifth Circuit has held that a motion to dismiss under Rule 12(b)(6) is generally disfavored and is rarely granted." CertainTeed Corp. v. Mayfield, No. 19-400-WBV-KWR, 2020 U.S. Dist. LEXIS 71489, at *8-9 (E.D. La. Apr. 23, 2020); Citing, Turner v. Pleasant, 663 F.3d

770, 775 (5th Cir. 2011) (quoting Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009)).

Bankers has a right to move forward on this declaratory judgment action pursuant to the Federal Declaratory Judgment Act. The act states in that a District Court "may declare the rights and other legal relations of any interested party seeking such declaration." This action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202 should be heard by this Court for the purpose of determining a question of contractual coverage which constitutes a justiciable controversy between the parties. The Williams plaintiffs' primary argument for dismissal is simply based on the existence of TWO lawsuits that they filed in state court. In ruling on whether to abstain from adjudicating a declaratory judgment action, this Honorable Court has identified seven non-exhaustive factors courts should consider:

1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3) Whether the plaintiff engaged in forum shopping in bringing the suit;

4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) Whether the federal court is a convenient forum for the parties and witnesses;

6) Whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and

7) Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

W. World Ins. Co. v. Flom, No. 18-8635, 2019 U.S. Dist. LEXIS 3949, at *6 (E.D. La. Jan. 9, 2019); Citing, St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).

All of these factors weigh against abstention in this case. With respect to the first factor, although the state proceeding was filed prior to the instant declaratory judgment action, Bankers was not made a party to the state proceeding and the issue of insurance coverage was not asserted until after Bankers' declaratory judgment action was filed. More importantly, the named insured has not asserted any claim in state court against Bankers to determine coverage. Thus, this factor weighs heavily against abstention.

The second and third factors—whether Bankers filed this lawsuit in anticipation of litigation or engaged in improper forum shopping—also do not support abstention in this case. By their nature, declaratory judgments are often 'anticipatory,' appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation. Otherwise, there would be no reason to seek a declaration of rights. In the case of declaratory judgments related to insurance coverage, the coverage question usually does not arise in the absence of an underlying action which potentially exposes the insurer to liability. Accordingly, the mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court.

 As for impermissible forum shopping, Bankers notes that the plaintiffs have filed two lawsuits in state court, one in St. Tammany and one in Orleans Parish, where they are seeking to create venue where none appears to exist.

As for this action, more than one proper venue may be available to a plaintiff, requiring him to choose a forum. An out-of-state plaintiff who invokes diversity jurisdiction is in keeping with the traditional justification for diversity jurisdiction, which is to protect out-of-state defendants.

In the instant case, it is undisputed that Bankers was not named as a party to the state court suit until after its declaratory judgment action was filed. Bankers also expressly denies engaging in forum shopping. Ultimately the same state law will apply to the issue of insurance coverage whether it is resolved in state or federal court. As such, it cannot be concluded that Bankers brought this declaratory judgment action in federal court in search of more favorable law. "To the contrary, '[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself anticipatory litigation or otherwise abusive 'forum shopping.'" W. World Ins. Co. v. Flom, No. 18-8635, 2019 U.S. Dist. LEXIS 3949, at *9 (E.D. La. Jan. 9, 2019).

Accordingly, the foregoing factors do not weigh in favor of abstention. The fourth factor, whether possible inequities exist by allowing Bankers to gain precedence in time or to change forums, also weighs against abstention. There is no indication that Bankers is gaining a precedence in time or to change forums by having the coverage issue determined by this Court. Consequently, there is no possibility of inconsistent or incompatible rulings on the issue and this factor also weighs against abstention.

With respect to the fifth factor, whether the federal court is a convenient forum for the parties and witnesses, the state court where the state proceeding is pending is within the Eastern District of Louisiana.

Additionally, because the only issue to be decided in the instant declaratory judgment action is a legal one (i.e., whether the Bankers policy affords coverage), this suit will likely be resolved based only upon the pleadings and documents and should not require extensive discovery. Thus, this factor also weighs against abstention.

Finally, the sixth factor, judicial economy, also weighs heavily against abstention. Indeed, "a federal court's resolution of a coverage question sometimes enhances judicial economy, by 'potentially reducing the number of issues the state court might have to address.'" Canal Ins. Co. v. Smith, 208 F. 3d 1006 (5th Cir. 2000) (finding that a federal court resolving a declaratory coverage action during the pendency of a state court liability action "enhanced judicial economy by potentially reducing the number of issues the state court might have to address.")

Here, it is completely unnecessary for Bankers to subject itself to the multitude of irrelevant issues and allegations being asserted in the state court proceedings, solely to determine whether it has a duty to defend its insured under the Policy. Indeed, there are several other parties to the state court action whose involvement have nothing to do with coverage under Bankers' policy and Bankers should not be required to participate in the discovery conducted by those parties in the state action.

One of the purposes of the Declaratory Judgment is to provide timely resolution of issues and avoid multiple forums. Judicial economy would clearly be served by the exercise of federal court jurisdiction to resolve the coverage issues now.

In sum, this declaratory judgment action can be easily resolved by a dispositive motion, which will result in a decision regarding whether the Bankers policy affords coverage for the claims asserted by the Williams plaintiffs in two state court actions below. Thus, refusing to exercise jurisdiction over this suit would only postpone a decision that can be made quickly and efficiently by this Court.

## CONCLUSION

A motion to dismiss under Rule 12(b)(6) is generally disfavored and is rarely granted. The Motion to Dismiss should be denied because all of the factors outlined above weigh heavily

against abstention. Additionally, the motion should be denied so that Bankers can proceed with filing a dispositive motion on coverage with this Court. As such, Bankers respectfully requests that this Honorable Court deny the motion to dismiss so that the legal issue of insurance coverage can be decided quickly and efficiently without further delay.

Respectfully submitted,

**UNGARINO & MALDONADO L.L.C.**

    S/ DAVID I. BORDELON
**MATTHEW J. UNGARINO (#15061)**
**DAVID I. BORDELON (#16815)**
Suite 1280, Lakeway Two
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone/Facsimile: (504) 836-7531
Email: dbordelon@ungarino.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, either by
   XX electronic delivery,
   ☐ facsimile, or by
   ☐ United States mail, properly addressed and first class postage prepaid on the 2nd day of March 2021.

        s/ David I. Bordelon
        DAVID I. BORDELON