UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BANKERS INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-3417** |
| **EARNEST WILLIAMS, ET AL.** | **SECTION 1** |

## ORDER & REASONS

Before the Court in this declaratory judgment action are two motions to dismiss on abstention grounds under Fed. R. Civ. Proc. 12(b)(1) or, in the alternative, for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6) and 12(c).[1] The first motion was filed by the family of decedent Earnest Williams: Annie Williams, Mark Travies, Nora Norton, Narian Jackson, and Earnest Williams, Jr. (the "Williamses"). The second motion was filed by Diagnostic and Interventional Spinal Care of Louisiana, Inc. and Khader Samer Shamieh (the "Diagnostic defendants"). Both motions are granted for the reasons set forth below.

### I.

The declaratory plaintiff, Bankers Insurance Company ("Bankers"), issued a business liability insurance policy to the Diagnostic defendants.[2] This policy imposes duties on Bankers to defend and indemnify the Diagnostic defendants for various types of legal claims.[3] It excludes coverage, however, for bodily injury "due to rendering or failure to render professional service."[4]

---

[1] R. Doc. No. 11, at 1; R. Doc. No. 12, at 1.
[2] R. Doc. No. 1, at 2–3 ¶¶ 6–7; *see also* R. Doc. No. 1-1 (insurance policy).
[3] *See id.* at 41.
[4] *Id.* at 44.

In February 2020, the Williamses sued the Diagnostic defendants in Orleans Parish Civil District Court, asserting general negligence and medical malpractice claims.[5] Bankers initially was not a party to either state-court lawsuit. However, Bankers had actual notice of the state-court proceedings because its representatives participated in a deposition on December 8, 2020.[6] On December 21, 2020, the Williamses amended their state-court complaint and named Bankers as a defendant in the Orleans Parish lawsuit.[7] The Williamses allege that the Diagnostic defendants failed to provide appropriate medical care; more relevant here, they argue that Bankers must indemnify the Diagnostic defendants pursuant to the policy described above.[8]

In the period between the deposition and the amendment of the state-court complaint, Bankers filed this declaratory judgment action under 28 U.S.C. § 2201.[9] Bankers seeks a declaration that, because the policy excludes coverage for rendering or failing to render professional services, it owes no duty to indemnify or defend the Diagnostic defendants.[10] Both sets of declaratory defendants ask the Court to abstain

---

[5] R. Doc. No. 1, at 2 ¶ 4.  There is a lawsuit pending in Orleans Parish, Civil District Court Docket No. 20-1796, and a lawsuit pending in Tangipahoa Parish 21st JDC Docket No. 20-1288; both arise out of the death of Earnest Williams. R. Doc. No. 11-1, at 2–3.
[6] R. Doc. No. 12-16, at 2–3.
[7] R. Doc. No. 12-2, at 4.  The Williamses have named Bankers in the Orleans Parish lawsuit only, *id.*, but the Williamses represent that they "intend to abandon the Tangipahoa Parish proceeding after all venue disputes have ended, with all parties properly before the Orleans Parish District Court." *Id.* at 7 n.2.
[8] R. Doc. No. 1, at 4 ¶ 8.
[9] *See id.*
[10] *Id.*

from exercising jurisdiction over the declaratory action because it attempts to resolve state-law issues already pending in state court.[11]  The Court agrees.

## II.

### A.    Rule 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A district court may dismiss an action for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010).  The burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B.    The Declaratory Judgment Act

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added). The U.S. Supreme Court has interpreted the Act's permissive language "to confer on federal courts unique and substantial discretion in deciding whether to declare the

---

[11] *See* R. Doc. No. 11; R. Doc. No. 12.

3

rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In other words, the Act "confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)) (internal quotations omitted).

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. Indeed, "[o]rdinarily it [will] be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.*

### III.

Courts in the Fifth Circuit are guided by the abstention analysis set out in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000), when considering whether to exercise jurisdiction over a declaratory judgment action. Under this analysis, a district court engages in a three-step inquiry, considering: (1) justiciability (*i.e.*, whether an actual and live case or controversy exists); (2) authority (*i.e.*, whether issuing a declaration will be tantamount to enjoining an ongoing state-court proceeding, in violation of the Anti-Injunction Act, which triggers "mandatory" abstention); and, if the case survives the first two steps, (3) discretion (*i.e.*, whether

prudential considerations counsel against declaring the parties' rights, which triggers discretionary abstention). *Id.*[12] A court may dismiss the action based on its conclusion at any step. *See id.* ("[T]he district court erred in moving beyond the first step of this inquiry."); *Hanover Ins. Co. v. Superior Labor Service, Inc.*, No. 16-2490, 2017 WL 2973078, at *7–9 (E.D. La. July 12, 2017) (Morgan, J.) (dismissing based on step two).

The defendants argue that this case should be dismissed based on either steps two or three. The Court does not analyze the step-three factors in detail because it concludes—as discussed below—that the Anti-Injunction Act renders it without authority to issue Bankers's requested declaration.

### A.   Step One: Justiciability

Article III of the U.S. Constitution and the text of the Declaratory Judgment Act forbid federal courts from "issu[ing] a declaratory judgment unless there exists an 'actual controversy.'" *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir.

---

[12] Regarding the third step, the Fifth Circuit balances seven non-exhaustive factors:
> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the declaratory plaintiff filed lawsuit in anticipation of a lawsuit filed by the declaratory defendant; (3) whether the declaratory plaintiff engaged in forum shopping in bringing the lawsuit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state lawsuit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994).

5

1998) (citation omitted). This requires that "a substantial controversy of sufficient immediacy and reality exists between the parties having adverse legal interests." *Orix*, 212 F.3d at 896 (cleaned up). Accordingly, a declaratory judgment action is justiciable only if "it can presently be litigated and decided and [is] not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).

No party disputes that this action presents an actual controversy and is therefore justiciable. Bankers argues that a justiciable controversy exists because it is subject to potential liability under the insurance policy at issue in the state-court lawsuit.[13] Similarly, both the Williams and Diagnostic defendants point to the ongoing state proceedings as an actual controversy among the parties.[14] The Court finds that an actual controversy exists regarding Bankers's potential liability arising out of the pending state-court action. *See AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006) (per curiam) ("[W]hether the policy provides coverage presents a live controversy.").

### B. Step Two: Authority

The second step requires the court to determine whether it has authority to grant the declaratory relief. *Orix*, 212 F.3d at 895. The analysis is rooted in the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an

---

[13] R. Doc. No. 1, at 4 ¶ 8.
[14] R. Doc. No. 11-1, at 5; R. Doc. No. 12-2, at 7.

injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Accordingly, "[a] district court lacks authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act]." *Nat'l Cas. Co. v. Tom's Welding, Inc.*, No. 11-3101, 2012 WL 2064451, at *5 (E.D. La. June 7, 2012) (Africk, J.) (citing *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003)).

      The defendants argue that this case checks all three boxes.  First, both sets of defendants acknowledge that a state-court action is already pending—the lawsuit filed by the Williamses.[15]  They further argue that, although Bankers was not added to that lawsuit until after the declaratory judgment action was filed, it had actual notice of the state lawsuit prior to the declaratory action's filing—when Bankers's representatives participated in a state-court deposition.[16]  Therefore, the defendants argue, Bankers filed this declaratory judgment action as a way to protect against potential liability under the policy.[17]

      Second, the Williamses argue that Bankers's request for declaratory relief turns on Louisiana state insurance law and involves the same factual and legal

---

[15] R. Doc. No. 11-1, at 6; R. Doc. No. 12-2, at 8.
[16] R. Doc. No. 12-16, at 3.
[17] R. Doc. No. 11-1, at 6 n.18; R. Doc. No. 12-2, at 8.

determinations that exist in the state-court proceedings.[18] The Diagnostic defendants agree, arguing that both the state-court case and the present declaratory action must decide whether Bankers's insurance policy covers the acts of negligence and/or malpractice alleged by the Williamses.[19]

Third, both the Williamses and the Diagnostic defendants argue that the Anti-Injunction Act applies here.[20] They argue that "issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act."[21] Accordingly, they reason that the Court lacks authority to issue Bankers's requested declaration.

Bankers does not make any arguments pertaining directly to the authority inquiry in either its opposition to the defendants' motions to dismiss or its declaratory complaint.[22] However, in response to *Orix*'s third step (*i.e.*, discretion), Bankers makes two relevant arguments. First, it argues that it was not made a party to the state proceeding, and the issue of insurance coverage was not asserted, until *after* its declaratory judgment action was filed.[23] Second, Bankers argues that the "named insured has not asserted any claim in state court against Bankers to determine coverage"—although the Williamses (as the plaintiffs in state court) have.[24]

---

[18] R. Doc. No. 12-2, at 9.
[19] R. Doc. No. 11-1, at 6.
[20] *Id.* at 7; R. Doc. No. 12-2, at 10.
[21] *Id.* at 9–10 (quoting *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)); *see also* R. Doc. No. 11-1, at 6–7 (making the same argument).
[22] *See* R. Doc. No. 15, at 2–4.
[23] *Id.* at 2.
[24] *Id.*

8

Bankers's first argument misses the mark.  "The overall purpose of [the authority] step of the analysis is to determine whether there are competing state and federal proceedings." *Nat'l Cas. Co. v. DeQueen, Inc.*, Nos. 13-5611, 13-5851, 2013 WL 6004055, at *3 (E.D. La. Nov. 13, 2013) (Barbier, J.) (internal quotation marks omitted); *see also Allstate Texas Lloyds v. Sawyer*, No. 07–0360, 2007 WL 2471057 (N.D. Tex. Aug. 31, 2007) ("This second step is essentially a determination of whether there are competing state and federal proceedings, and whether the district court is prohibited from intruding in the state action under the Anti-Injunction Act.").  At bottom, the question is whether issuing a declaratory judgment would comport with principles of federalism and comity.  *See Travelers*, 996 F.2d at 776 (explaining that, where the three authority factors are met, "the issuance of a declaratory judgment . . . would be antithetical to the noble principles of federalism and comity").

Moreover, and as the defendants note, as long as "a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." *Travelers*, 996 F.2d at 776; *see also Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993) ("If an injunction would be barred by [the Anti-Injunction Act], this should also bar the issuance of a declaratory judgment that would have the same effect as enjoining a state court action."). Therefore, the Anti-Injunction Act "applies regardless of when the federal and state lawsuits were filed." *Royal*, 3 F.3d at 885.

It is immaterial that Bankers was not a party to the state-court lawsuit initially, because it is a party now. There are now competing state and federal proceedings, involving at least one identical state law issue (liability under the policy) among the same parties. *See DeQueen*, 2013 WL 6004055, at *3 (reasoning that "even though [the declaratory defendant] filed in state court after the Insurers filed in federal court, the Court must conduct its analysis according to the current posture of the proceedings").

Bankers's second argument does not change the Court's conclusion. Even if the Diagnostic defendants have not asserted any claim in state court against Bankers to determine coverage, the Williamses have; accordingly, Bankers is a party to the state proceedings and, as it acknowledges in its own declaratory complaint, it may be liable under the insurance policy.[25] The lawsuits are therefore sufficiently parallel to render a declaration from this Court "tantamount to" enjoining the state court regarding Bankers's insurance liability (or lack thereof), in violation of the Anti-Injunction Act. *Travelers*, 996 F.2d at 776.

It would be one thing if the federal lawsuit was *broader* than the state-court lawsuit, encompassing issues that would not be resolved in state court. *See Fed. Ins. Co. v. Sw. Materials, Inc.*, No. 02-1787, 2003 WL 21634945, at *3 (E.D. La. July 3, 2003) (Africk, J.) (concluding that the state and federal lawsuits were not sufficiently

---

[25] *See* R. Doc. No. 1, at 4 ¶ 8; *see also* R. Doc. No. 12-18, at 1 (Williamses' amended state-court petition, alleging that Bankers insured the Diagnostic defendants "for all allegations contained herein, and as such, is liable to the plaintiffs for the damages complained of herein").

parallel where the federal lawsuit contained issues that the state lawsuit did not). But where, as here, the federal lawsuit contains only issues also raised in state court, the Anti-Injunction Act bars the federal court's deciding of those issues. *See DeQueen*, 2013 WL 6004055, at *3 ("Even if the state court lawsuit involves broader issues, it is likely that these same issues would arise in the federal court action for declaratory judgment as defenses to the action, making our hearing of the issues duplicative."); *cf. Wilton*, 515 U.S. at 290 (concluding district court was within its discretion to stay the federal proceeding where the concurrent state court action "present[ed] opportunity for ventilation of the same state law issues").

To summarize the foregoing: (1) a declaratory defendant (the Williamses) previously filed a lawsuit in state court against Bankers and the Diagnostic defendants; (2) that lawsuit involves the same issues as here (namely, coverage under Bankers's policy); and (3) this Court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. Accordingly, the Court lacks authority to issue Bankers's requested relief. Mandatory abstention applies, which requires this Court to dismiss the declaratory complaint. *See Hanover*, 2017 WL 2973078, at *7–9 (dismissing action based on mandatory abstention alone).

### C.  Step Three: Discretion

Because the Court finds that it lacks authority to issue a declaration, it need not analyze the *Trejo* factors—factors that determine whether discretionary abstention applies—in detail. However, for the sake of completeness, the Court notes that if it had reached the *Trejo* factors, it would conclude that discretionary

11

abstention applies. Litigating the scope of coverage under Bankers's policy here—divorced from the relevant fact-finding currently ongoing in state court—would be imprudent and duplicative. Accordingly, if mandatory abstention does not require dismissal, discretionary abstention does.[26]

## IV.

Accordingly,

**IT IS ORDERED** that the defendants' motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure are **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED**.

New Orleans, Louisiana, April 15, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[26] The Court notes that, because it dismisses Bankers's complaint based on abstention, it need not reach the defendants' alternative bases for dismissal under Fed. R. Civ. Proc. 12(b)(6) and 12(c). *See* R. Doc. No. 11-1, at 1; R. Doc. No. 12-2, at 16.